IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VONJA BOOSE,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      No.  10 C 3495
                                      )
OAK PARK ELEMENTARY SCHOOL            )
DISTRICT NO. 97,                      )
                                      )
            Defendant.                )

MEMORANDUM ORDER

Although this employment discrimination action by Vonja
Boose ("Boose") has named Oak Park Elementary School District
No. 97 ("District") as defendant, the just-filed Answer and
Affirmative Defenses ("ADs") have identified the correct
defendant as District's Board of Education ("Board").  This
memorandum order is issued to address one problematic aspect of
that responsive pleading.

Instead of conforming to the mandate of Fed. R. Civ. P.
("Rule") 8(b)(1)(B) that all allegations in a complaint must be
admitted or denied (save for the exception of asserting
disclaimers under Rule 8(b)(5)), Board has filed a motion to
strike Complaint ¶¶11 through 19.  But such a motion
impermissibly conflates the concept of allegations that
themselves state an actionable claim with the concept of
allegations that may support an actionable claim set out
elsewhere in the Complaint.  As explained in the next paragraph,
the allegations sought to be stricken here are plainly

permissible for the second purpose, though they would not have been for the first.

What Boose has alleged in the challenged paragraphs is claimed conduct that assertedly demonstrates a prohibited race-based animus on Board's part.  Even though the events alleged there would be outlawed by limitations as an independent predicate for a claim, those events may be viewed as supporting the still-timely claim of race-based discrimination advanced elsewhere in the Complaint.

Accordingly the Board's motion to strike is denied, and its counsel is ordered to complete the Answer as to those allegations on or before August 16, 2010.  Finally, because both ADs are defective, they are stricken without leave to replead:

1.  Ad 1 simply rephrases the terminology of a Rule 12(b)(6) motion attacking the sufficiency of Boose's claim for relief.  When Boose's allegations are credited (as they must be for AD purposes--see, e.g., App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001))--they clearly appear to state a claim.  If Board believes otherwise, a properly support Rule 12(b)(6) motion must be filed.

2.  AD 2 purports to reserve Board's right to add additional ADs "based on further investigation and discovery in this case."  That of course accomplishes nothing--if and

when that were to occur, it would be time enough for Board
to tender a further AD or ADs.

_____

Milton I. Shadur
Senior United States District Judge

Date:  August 3, 2010